**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

CELIA RODRIGUEZ SALINAS

VERSUS

UNITED STATES OF AMERICA, ET AL.

CIVIL ACTION NO. 26-0831

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE AYO

## ORDER

Celia Rodirguez Salines ("Salinas") has filed a petition for a writ of habeas corpus, Record Document 4, and a motion for injunctive relief, Record Document 7. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. Record Document 4. For the following reasons, the motion for injunctive relief is **DENIED**. Record Document 7.

In his motion, Salinas argued that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001) where the United States Supreme Court held that post-removal detention must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To obtain *Zadvydas* relief, the petitioner "has the initial burden to show that post-removal-order detention has surpassed six months, and to 'provide good cause to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Uriostegui Rios v. Trump*, No. 25-1320, 2026 WL 810556, at *2 (W.D. La. Mar. 24, 2026).

1

Here, Salinas has not met his initial burden for relief under *Zadvydas*. In his petition, Salinas acknowledged that he has not received a final order of removal. As such, his continued detention remains "presumptively reasonable," and his *Zadvydas* challenge is premature. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 317 (5th Cir. 2011) (holding the challenge to "continued post removal order detention is premature" where the detainee "has not been in post-removal-order detention longer than the presumptively reasonable six month period[.]").

**DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of May, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE